# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Mark I. Bailen
direct dial: 202.861.1715
MBailen@bakerlaw.com

December 1, 2016

**VIA ECF**

The Honorable George J. Hazel
United States District Court for
the District of Maryland
Southern Division
6500 Cherrywood Lane
Greenbelt, MD 20770

Re:   *Kimberlin v. Breitbart Holdings, et al.*, No. 8:16-cv-03588 (GJH)
      United States District Court for the District of Maryland

Dear Judge Hazel:

We are counsel to Breitbart Holdings, Inc., ("Breitbart"), one of the defendants named in the above-referenced action. We also served as counsel of record to Breitbart.com and several other defendants in *Kimberlin v. Frey*, No. 8:13-cv-03059 (GJH) (the "*Frey* Action").

As the Court is aware, Breitbart.com and the other defendants, aside from Mr. Frey, have been dismissed from the *Frey* Action. They also have been dismissed from the state court action that Mr. Kimberlin filed in April 2015 after this Court declined to exercise supplemental jurisdiction over his state law claims. Mr. Kimberlin's appeal against Breitbart.com (and certain other defendants) to the Maryland Court of Special Appeals remains pending. Mr. Kimberlin also has appealed the dismissal of Breitbart.com (and others) from the *Frey* Action, although the United States Court of Appeals for the Fourth Circuit dismissed the appeal as premature on June 16, 2015. Mr. Kimberlin has indicated that he will re-file the appeal at the conclusion of the *Frey* Action.

We respectfully submit this letter to inform the Court of a number of clear violations of the Court's orders by Mr. Kimberlin, including the Protective Order issued by this Court in October 2015 in the *Frey* Action. (*Frey* Action ECF No. 312.) These violations have adversely affected my client. The filing of this latest lawsuit against Breitbart – the fifth iteration of a complaint based on the same alleged events – is in direct contravention of this Court's orders and part and parcel of Mr. Kimberlin's sustained campaign of harassment against Breitbart that has been ongoing for more than three years. It needs to stop.

The Honorable George J. Hazel
December 1, 2016
Page 2

Although Mr. Kimberlin has not yet formally served Breitbart (or any of the other defendants, to my knowledge) with the summons and complaint in this new matter, he did send me a copy of his "Complaint for Damages – Violation of Civil Rights under 42 U.S.C. 1983" on or about October 29, 2016. This appears to be the document that he filed under seal on October 31, 2016 and that the Court ordered to remain under seal on November 7, 2016. (ECF Nos. 1 and 3.) By sending me a copy of the new Complaint, Mr. Kimberlin has violated the Protective Order. I am not a person to whom disclosure is permitted under paragraph 1(d) of the Protective Order because my clients were dismissed from the *Frey* Action well before the discovery was produced and the Protective Order was entered.[1] (*Frey* Action ECF No. 312).

Furthermore, this newest Complaint contains summaries of – and quotes verbatim from – the discovery materials in the *Frey* Action that Mr. Kimberlin is not permitted to use outside that case per the Protective Order. As the Court explicitly ordered earlier this year, "the Protective Order allows the parties to use the protected documents for 'preparing for and conducting *the litigation in which the information or documents were disclosed* (including appeals).' ECF No. 312 at 3 (emphasis added)." Letter Order, February 11, 2016 (*Frey* Action ECF No. 344 at 3). Thus, "[a]llowing Plaintiff to use the protected documents in this case to pursue defendants in a separate case would defeat the purpose of the Protective Order." *Id*. at 3-4.

The Court later confirmed this ruling in subsequent orders. *See* Letter Orders of June 2 and 7, 2016 (*Frey* Action ECF Nos. 383 and 386) (denying request to allow public disclosure of discovery material and denying request for interlocutory appeal). Mr. Kimberlin even sought a *writ of mandamus* before the Fourth Circuit, but the appeals court has not granted him this relief. Notwithstanding the clear directions from this Court and in plain violation of this Court's orders, Mr. Kimberlin filed this new action "based on discovery in the *Kimberlin v. Frey* case," as he acknowledges in his motion to file the complaint under seal. (ECF No. 2, ¶ 1.)

It should also be noted that the allegations in this new complaint against Breitbart (and most of the other co-defendants who are current or former employees or otherwise affiliated with Breitbart)[2] are the same allegations in form and substance as those asserted in the *Frey* Action. Although the new claim for relief is styled as a Section 1983 action, the purported facts underpinning the claim arise from the same circumstances underlying Mr. Kimberlin's RICO claim in the *Frey* Action that was dismissed with prejudice. The doctrine of *res judicata* thus bars this claim.

The Supreme Court has long recognized that "courts have inherent power to enforce compliance with their own lawful orders." *Shillitani v. U.S*., 384 U.S. 364, 370 (1966). In light

---

[1] In recognition that the Complaint contains information subject to the Protective Order, I have not shared the document with my client or anyone else.

[2] These other defendants include the Estate of Andrew Breitbart, Stephen Bannon, Larry Solov, Larry O'Connor, Alexander Marlow, Brandon Darby, and Elizabeth Sheld.

The Honorable George J. Hazel
December 1, 2016
Page 3

of these deliberate violations of the Court's orders, the futility of the Section 1983 claim, and Mr. Kimberlin's conduct as a serial litigant (as evidenced by his filings in this court alone), my client respectfully requests that the Court enforce compliance with its orders by terminating this matter at the outset, *sua sponte,* as to Breitbart and the Breitbart-related defendants.[3] This will conserve judicial resources, protect my client and the other defendants from incurring the further expense and aggravation of having to respond to Mr. Kimberlin's rehashed allegations for a fifth time, and properly enforce this Court's orders.

    Thank you for your attention to this matter.

                          Sincerely,

                          Mark I. Bailen

cc: Mr. Brett Kimberlin (via email)

---

[3] These defendants in addition to Breitbart are identified in footnote 2 above. Further, per the Court's February 11, 2016 order denying Mr. Kimberlin's request to amend his complaint (yet again) in the *Frey* Action, the other defendants identified in this new action should also be dismissed. (*Frey* Action ECF No. 344 at 4.)

610043804.2