IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

BRETT KIMBERLIN,

    Plaintiff,

v.                                   Case No.: GJH-16-3588

BREITBART HOLDINGS, *et al.*,

    Defendants.

## ORDER

The Court is in receipt of plaintiff Brett Kimberlin's Sealed Complaint, ECF No. 1, a letter from counsel for defendant Breitbart Holdings ("Breitbart"), ECF No. 4, and a response letter from Kimberlin, ECF No. 5. Breitbart asserts that, among other things, Kimberlin's Sealed Complaint violates the Court's Protective Order and prior discovery rulings in *Kimberlin v. Frey*, Case No. GJH-13-3059 ("*Frey*"), and asks the Court to dismiss Kimberlin's Sealed Complaint on that basis. ECF No. 4 at 1–3.

In the *Frey* case, the Court entered a Protective Order instructing the parties that certain discovery materials and information obtained from those materials were to be treated as confidential, including depositions. *Frey*, ECF No. 312 ¶ 1. The Court instructed that such information could not be used for "any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals)." *Id.* ¶ 1(c). Kimberlin subsequently asked the Court to lift the Protective Order to allow him to use protected documents in other cases. *Frey*, ECF No. 344 at 3. The Court instructed that "[a]llowing Plaintiff to use the protected documents in this case to pursue defendants in a

separate case would defeat the purpose of the Protective Order." *Id.* at 4–5. In his response to Breitbart's letter, Kimberlin points out that he "did not attach any of the discovery documents to the . . . complaint." ECF No. 5 ¶ 2. Based on the Court's initial review of the Sealed Complaint, it seems that while he may not have attached the actual documents, Kimberlin's case is based heavily on discovery obtained under the Protective Order in *Frey*. In fact, Kimberlin himself states that "[t]he allegations in this complaint are based on hundreds of pages of discovery provided in a related case, *Kimberlin v. Frey*" and admits that "Plaintiff 'discovered' the involvement of many of the Defendants from those documents . . . ." ECF No. 1 at 6. Repeatedly throughout the Sealed Complaint, Kimberlin seems to summarize or describe information which was apparently obtained through discovery in *Frey*. *See, e.g.*, ECF No. 1 ¶ 6–8 (describing communications between third-parties which were likely obtained through discovery), ¶ 18 (same), ¶ 40 (same), ¶ 65–82. At one point in the Sealed Complaint, Kimberlin even goes so far as to explain that he "received discovery from Frey under a protective order some of which is summarized below"; Kimberlin then identifies specific documents by their Bates Numbers, and quotes from them extensively. *Id.* ¶ 84. Although the documents could have been used in *Frey*, including for the purpose of seeking leave to amend and adding defendants to that case, the Court views the use of this material in a separate case as a flagrant violation of its Protective Order and prior rulings in *Frey*, and therefore it is, this 10th day of October, 2017,

ORDERED that plaintiff show good cause within 14 days of the date of this order why the complaint should not be dismissed based on a violation of this Court's Protective Order in *Frey*.

GEORGE J. HAZEL
United States District Judge

2