IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2018 MAR 13  P 2:46

| | | |
|---|---|---|
| **BRETT KIMBERLIN,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-16-3588 |
| **BREITBART HOLDINGS,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

In this case, Plaintiff Brett Kimberlin filed a Sealed Complaint, ECF No. 1, and the Court subsequently received a letter from counsel for defendant Breitbart Holdings ("Breitbart"), ECF No. 4, along with a response letter from Kimberlin, ECF No. 5. Breitbart asserted that, among other things, Kimberlin's Sealed Complaint violates the Court's Protective Order and prior discovery rulings in *Kimberlin v. Frey*, Case No. GJH-13-3059 ("*Frey*"), and asked the Court to dismiss Kimberlin's Sealed Complaint on that basis. ECF No. 4 at 1–3.

In the *Frey* case, the Court entered a Protective Order instructing the parties that certain discovery materials and information obtained from those materials were to be treated as confidential, including depositions. *Frey*, ECF No. 312 ¶ 1. The Court instructed that such information could not be used for "any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals)." *Id.* ¶ 1(c). The Court further instructed Kimberlin that "[a]llowing Plaintiff to use the protected documents in this case to pursue defendants in a separate case would defeat the purpose of the Protective Order." *Frey*, ECF No. 344 at 4–5.

Kimberlin's Sealed Complaint is, on its face, based heavily on discovery obtained under the Protective Order in *Frey*. In fact, Kimberlin himself states that "[t]he allegations in this complaint are based on hundreds of pages of discovery provided in a related case, *Kimberlin v. Frey*" and admits that "Plaintiff 'discovered' the involvement of many of the Defendants from those documents . . . ." ECF No. 1 at 6. Repeatedly throughout the Sealed Complaint, Kimberlin seems to summarize or describe information that was apparently obtained through discovery in *Frey*. *See, e.g.*, ECF No. 1 ¶ 6–8 (describing communications between third-parties which were likely obtained through discovery), ¶ 18 (same), ¶ 40 (same), ¶ 65–82. At one point in the Sealed Complaint, Kimberlin even goes so far as to explain that he "received discovery from Frey under a protective order some of which is summarized below"; Kimberlin then identifies specific documents by their Bates Numbers, and quotes from them extensively. *Id.* ¶ 84.

On October 10, 2017, the Court ordered that Kimberlin show good cause why the complaint should not be dismissed based on a violation of this Court's Protective Order in *Frey*. On October 26, 2017, Kimberlin filed a response to the Court's October 10, 2017 Order. ECF No. 8. In his response, Kimberlin argues that his case should not be dismissed for several reasons. Initially, he argues that "many documents were emails written by persons other than Frey, which Frey had no right to protect." *Id.* at 2. Kimberlin also argues that "once this Court issued summary judgment [in *Frey*], the documents used by the parties *lost their protection under the P[rotective ]O[rder].*" *Id.* (emphasis in original). As he has numerous times in the past, Kimberlin cites to *Rushford v. New Yorker Magazine*, 846 F.2d 249 (4th Cir. 1988), arguing that the documents "used in a summary judgment motion must be made public." *Id.* Furthermore, Kimberlin argues that the protective order is overly broad, and that "there has never been any showing of harm for any particular document." *Id.* at 3. He points out that, generally, the Federal

Rules of Civil Procedure "create no automatic prohibition against using discovery obtained in one litigation in another litigation." *Id.* at 5. In support of this argument, he cites *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D 495, 498 (D. Md. 2000), for the proposition that judges should "consider the text of the confidentiality order, the nature of its issuance, the age and disposition of that case, and which party it sought to protect" before blocking documents that were produced under a confidentiality order from being introduced in a subsequent litigation. *Id.* at 7. Kimberlin goes on to challenge that the documents in question here are not properly designated as confidential. *Id.* Finally, Kimberlin argues that his case cannot be dismissed at this point because he has not served summonses on the defendants, and that dismissal would treat him differently from a represented plaintiff, who would be able to serve Defendants himself.[1] *Id.* at 9–10.

To the extent that Kimberlin challenges the Protective Order itself (his argument that it is overly broad, his continued reliance on *Rushford*, his challenge of the confidentiality of documents), the Court denies these arguments and incorporates by reference its November 13, 2017 Memorandum Opinion in *Frey*, Case No. GJH-13-3059, ECF No. 416. The Court has repeatedly refused to unseal the documents from that case, and does so again here.

To the extent that Kimberlin argues that he is being treated differently because he is not represented by counsel and was not able to serve summonses on the defendants, this is irrelevant regarding the dismissal of his case. Although not explicitly made, the Court infers that Kimberlin is making an Equal Protection argument: that unrepresented individuals, like Kimberlin, are discriminated against because they are not allowed to serve summonses on defendants. The Constitution's Equal Protection Clause "requires that similarly-situated individuals be treated alike." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Unless a suspect classification

---

[1] Local Rule 2(d) provides that "[t]o ensure a summons is 'properly completed' under Fed. R. Civ. P. 4(b), the Clerk shall not issue a summons to any self-represented litigant without first obtaining an order from the Court authorizing issuance of the summons."

is identified (e.g., race), a government action is "presumed to be valid" so long as there is a rational basis for the action. *Id.* As mentioned above, Local Rule 2(d) is to ensure that summonses are "properly completed" under Federal Rule of Civil Procedure 4(b). This Rule survives rational basis review, and Kimberlin has not met his burden of showing that this violates the Equal Protection Clause.[2]

While it is true that the Federal Rules of Civil Procedure do not provide an "automatic prohibition against using discovery obtained in one litigation in another litigation," here the Court's Protective Order <u>was</u> an express prohibition. Kimberlin does not deny what his Complaint blatantly acknowledges: that the facts included in the Sealed Complaint were obtained from discovery in *Frey*, and are subject to the Protective Order. *See* ECF No. 1 at 6 ("The allegations in this complaint are based on hundreds of pages of discovery provided in a related case, *Kimberlin v. Frey*"). The fact that some of these documents were written by persons other than Frey is irrelevant. Kimberlin received these documents with explicit instructions that they would be used only in the *Frey* litigation. His Complaint is a flagrant violation of the Protective Order, which the Court will not allow to proceed.

---

[2] More importantly, perhaps, even if Kimberlin had counsel and counsel had served the Defendants, the Court would dismiss the Complaint for the same reason; thus, the only practical difference is that the Defendants have been spared the trouble and expense of being served with this fatally flawed Complaint. Additionally, the Court rejects Kimberlin's argument that dismissing the case before Defendants are served would violate his due process rights. Kimberlin has no due process right to serve summonses on Defendants, and the Court has inherent authority to dismiss cases *sua sponte* to "achieve the orderly and expeditious disposition of cases," *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962), and to "enforce compliance with [its] own lawful orders." *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

The Court hereby **ORDERS** that the Complaint is **DISMISSED** with prejudice[3] and the Clerk **SHALL CLOSE** this case.

Date: March 13, 2018

GEORGE J. HAZEL
United States District Judge

---

[3] The Court considered dismissing the case without prejudice and permitting Kimberlin to attempt to amend the Complaint in a manner that would not violate the Protective Order. But having reviewed the Complaint, the Court finds that it is so clearly derived, in sum and substance, from the *Frey* case and the discovery provided therein that any effort to amend would be futile.